ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL ESPECIAL

| DEREK JOMUEL FIGUEROA OTERO  Peticionario  v.  NEGOCIADO DE SEGURIDAD DE EMPLEO (NSE)  Recurrido | KLRA202400555 | *Revisión Judicial* procedente del Departamento del Trabajo y Recursos Humanos  APEL. NÚM.: PUA-09400-24 RECL. NÚM.: A00-000-1076-2573  Sobre: Inelegibilidad a los Beneficios del "Pandemic Unemployment Assistance" (PUA), "Coronavirus Aid, Relief, and Economic Security Act", Ley Pública 116-136 (CARES) del 27 de marzo de 2020 |

Panel integrado por su presidente, el Juez Rodríguez Casillas, el Juez Marrero Guerrero y el Juez Campos Pérez

Campos Pérez, Juez Ponente

## SENTENCIA EN RECONSIDERACIÓN

En San Juan, Puerto Rico, a 18 de febrero de 2025.

El 8 de octubre de 2024, el Sr. Derek Jomuel Figueroa Otero (señor Figueroa Otero o recurrente), presentó, por derecho propio, un recurso de revisión judicial. Unido al recurso, el recurrente instó una *Solicitud y declaración para que se exima de pago de arancel por razón de indigencia*, la cual examinamos y acogimos.

El señor Figueroa Otero impugnó la *Decisión del Secretario del Trabajo y Recursos Humanos*, emitida y notificada el 23 de agosto de 2024. En la referida determinación final, la parte recurrida, el Departamento del Trabajo y Recursos Humanos (DTRH) refrendó la decisión arbitral apelada ante sí. En consecuencia, declaró al recurrente inelegible para ser recipiente de la Asistencia de Desempleo por Pandemia.

Con el fin de auscultar nuestra jurisdicción, el 18 de octubre de 2024, emitimos la siguiente *Resolución*:

Número Identificador

SEN2025_____

La causa en el caso de epígrafe fue presentada por derecho propio (*pro se*) ante este foro apelativo el 8 de octubre de 2024 por el Sr. Derek J. Figueroa Otero. Se le concede a este, el término de **cinco días**, contados a partir de la notificación de esta *Resolución*, para someter copia del sobre en el que recibió por correo regular o acuse de recibo la determinación del Departamento del Trabajo y Recursos Humanos la cual nos solicita revisemos y así, poder acreditar nuestra jurisdicción.

Le advertimos al señor Figueroa Otero que su incumplimiento con esta orden puede conllevar la desestimación de su recurso.

Transcurrido el término en exceso, el señor Figueroa Otero incumplió con lo intimado. Así pues, el 6 de noviembre de 2024, notificada el día 8 siguiente, emitimos una *Sentencia*, mediante la cual desestimamos el recurso del epígrafe por falta de jurisdicción, al presentarse de forma tardía.

Oportunamente, el 25 de noviembre de 2024, el señor Figueroa Otero solicitó la reconsideración del dictamen. Entonces, nos percatamos que el recurrente había sometido equivocadamente la información requerida por esta curia ante la Oficina del Procurador General de Puerto Rico. De la copia del sobre que anejó a la petición se desprende que el matasellos registró la notificación el 9 de septiembre de 2024.

Acreditada nuestra jurisdicción, el 4 de diciembre de 2024, declaramos con lugar la solicitud de reconsideración y ordenamos a la parte recurrida a presentar su postura. El 7 de enero de 2025, por conducto de la Oficina del Procurador General de Puerto Rico, el DTRH presentó un *Escrito en Cumplimiento de Resolución.* Con el beneficio de ambas comparecencias y la copia certificada del expediente administrativo, presentada el 28 de enero de 2025, dictamos la presente *Sentencia en Reconsideración.*

**I.**

El señor Figueroa Otero sometió la Reclamación A00-000-1076-2573 para solicitar la Asistencia de Desempleo por Pandemia (PUA, por las siglas en inglés de *Pandemic Unemployment Assistance*) al amparo del *Coronavirus Aid Relief and Economic Security Act* (Ley CARES), *infra*. El 13 de abril de 2021, el Negociado de Seguridad de Empleo del DTRH envió una misiva al recurrente para requerirle información sobre la verificación laboral, con el fin de determinar su elegibilidad a los beneficios del PUA. Debía dar cumplimiento al requerimiento en o antes de 12 de julio de 2021. La comunicación advirtió al señor Figueroa Otero que el DTRH podía tomar una decisión conforme la información disponible.[1]

El 17 de mayo de 2021, el DTRH determinó que el recurrente resultó inelegible para la semana concluida el 2 de enero de 2021.[2]

> El Departamento del Trabajo y Recursos Humanos (DTR-) ha revisado la documentación que usted presentó para acreditar que tuvo (o iba a tener) un empleo o trabajo por cuenta propia (previo a verse afectado por la emergencia causada por el COVID 19). Luego de esta revisión, **el DTRH ha determinado que los documentos presentados por usted no son suficientes para realizar dicha acreditación. Por consiguiente, usted no es elegible para recibir los beneficios de PUA**. (Énfasis nuestro).

No conteste, el señor Figueroa Otero acudió ante la *División de Apelaciones* del DTRH. A esos efectos, el 3 de abril de 2024, fue citado para una audiencia telefónica a celebrarse el 14 de mayo de 2024.[3] Llegado el día, la Árbitra Rosa Anés Jiménez aquilató la prueba desfilada. El 17 de mayo de 2024, la funcionaria dictó una *Resolución*,[4] en la que esbozó las siguientes aseveraciones fácticas:

> 1. Reclamante indicó que laboraba brindando servicios de lavado de autos.

---

[1] Véase, la copia certificada del expediente administrativo, págs. 123-124.
[2] Véase, la copia certificada del expediente administrativo, págs. 125-126.
[3] Véase, la copia certificada del expediente administrativo, págs. 127-128.
[4] Véase, la copia certificada del expediente administrativo, págs. 101-103.

2. Reclamante estableció que laboraba realizando esas tareas desde marzo de 2019.

3. Reclamante se quedó sin empleo debido al Covid-19.

4. Reclamante indic[ó] que tenía un Certificado de Registro de Comerciante, con número [11]62416-0019 con fecha de emisión 3 de julio de 2020 a 3[1] de enero de 2022 fue emitido brindando servicios de reparación y mantenimiento de automóviles. Consta en la plataforma digital.[5]

5. Reclamante indic[ó] que cuenta con la planilla del 2019 fue radicada 5 de julio de 2020 fue radicada como empleado por cuenta propia con Anejo M $385.00 consta en la plataforma digital.[6]

6. Reclamante indic[ó] que cuenta con la planilla de 2020 fue radicada el 17 de mayo de 2021 como cuentapropista con 0 ingresos y sin anejos. Consta en la plataforma digital.[7]

7. Reclamante confirm[ó] la dirección de correo electrónico. (Énfasis en el original suprimido).

A base de la evidencia contenida en el expediente administrativo, la Árbitra confirmó la determinación de inelegibilidad. Expresó que "para el 2020 la planilla no refleja ningún ingreso[;] entendemos que la evidencia presentada no es suficiente para sustentar la verificación laboral".[8]

Insatisfecho, el 23 de mayo de 2024, el señor Figueroa Otero apeló la *Resolución* arbitral ante el Secretario del DTRH.[9] Expuso:

. . . . . . . .

Cuando se tuvo la audiencia que me indican que tenía que enviar la planilla y el registro de comerciante la envié ya que la tenía disponible por que se sometió a tiempo, cuando me llega la decisión me comunico con mi contable y nos percatamos que no se incluyó el tiempo trabajado, se procedió inmediatamente a enmendar la misma como lo requiere la ley.

. . . . . . . .

Por consiguiente, en esta etapa procesal, el recurrente anejó la Planilla de Contribución sobre Ingresos de Individuos de 2020,

---

[5] Véase, la copia certificada del expediente administrativo, pág. 116.
[6] Véase, la copia certificada del expediente administrativo, págs. 117-122.
[7] Véase, la copia certificada del expediente administrativo, págs. 107-115.
[8] Véase, la copia certificada del expediente administrativo, pág. 102.
[9] Véase, la copia certificada del expediente administrativo, pág. 72.

enmendada y radicada el 22 de mayo de 2024.[10] Incluyó también el Anejo M de dicho año contributivo. En éstos, informó los ingresos de enero y febrero de 2020, ascendentes a $400.00.[11]

El 23 de agosto de 2024 se emitió la *Decisión del Secretario del Trabajo y Recursos Humanos* aquí impugnada.[12] En la determinación administrativa se adoptaron las aseveraciones del dictamen arbitral antes citados y se añadió el siguiente enunciado:

.    .    .    .    .    .    .    .    .

2. El reclamante-apelante presentó junto con su apelación la planilla enmendada de contribución sobre ingresos correspondiente al año 2020. La planilla fue enmendada el 22 de mayo de 2024, fecha posterior a la audiencia ante la Árbritr[a] y 3 años después de haber radicado la original. La enmienda corresponde a que alegadamente [*sic*] como resultado de la audiencia, se percató que no incluyó los ingresos recibidos por concepto de su trabajo para el año que reclama beneficios.[13]

En consecuencia, el DTRH confirmó la *Resolución* de la Árbitra, y reiteró la inelegibilidad del recurrente. Posteriormente, el recurrente solicitó la reconsideración de la decisión.[14] Adujo que la enmienda a la Planilla de 2020, en los meses de enero y febrero, fue necesaria por una omisión involuntaria, que no había reparado hasta el dictamen arbitral. No obstante, su ruego fue declarado sin lugar, por virtud de la *Decisión del Secretario del trabajo y Recursos Humanos en Reconsideración*, emitida el 6 de septiembre de 2024 y notificada el 9 de septiembre de 2024.[15]

Inconforme aún, el señor Figueroa Otero incoó el presente recurso de revisión judicial para impugnar el dictamen final administrativo. El recurrente no expuso un señalamiento de error en concreto.

---

[10] Véase, la copia certificada del expediente administrativo, págs. 73-84.
[11] Véase, la copia certificada del expediente administrativo, pág. 76.
[12] Véase, la copia certificada del expediente administrativo, págs. 50-55.
[13] Véase, la copia certificada del expediente administrativo, págs. 50-51.
[14] Véase, la copia certificada del expediente administrativo, pág. 61.
[15] Véase, la copia certificada del expediente administrativo, págs. 56-57.

**II.**

**A.**

El Artículo 4.002 de la Ley Núm. 201 de 22 de agosto de 2003, *Ley de la judicatura del Estado Libre Asociado de Puerto Rico de 2003*, 4 LPRA sec. 24 *et seq.* (Ley Núm. 201-2003), establece en lo atinente que el Tribunal de Apelaciones tendrá jurisdicción para revisar "como cuestión de derecho [...] las decisiones finales de los organismos y agencias administrativas". 4 LPRA sec. 24u. Por igual, el Artículo 4.006 de la Ley Núm. 201-2003 provee para la revisión judicial "de las decisiones, órdenes y resoluciones finales de organismos o agencias administrativas". 4 LPRA sec. 24y.

Por su parte, la Sección 4.5 de la Ley Núm. 38 de 30 de junio de 2017, *"Ley de procedimiento administrativo uniforme del Gobierno de Puerto Rico*, 3 LPRA sec. 9675, (LPAUG), que versa sobre el alcance de la revisión judicial, dispone que este tribunal intermedio sostendrá las determinaciones de hechos de las decisiones de las agencias, si se basan en evidencia sustancial que obra en el expediente administrativo; revisará en todos sus aspectos las conclusiones de derecho; y podrá conceder al recurrente el remedio apropiado si determina que a éste le asiste el derecho. Mediante la revisión judicial, esta curia debe evaluar que la decisión administrativa encuentre apoyo en la evidencia sustancial que obre en la totalidad del expediente administrativo. El concepto *evidencia sustancial* se ha definido como aquella "prueba relevante que una mente razonable podría aceptar como adecuada para sostener una conclusión". *Rolón Martínez v. Supte. Policía,* 201 DPR 26, 36 (2018), *Hilton Hotels v. Junta Salario Mínimo*, 74 DPR 670, 686 (1953), refrendados en *Graciani Rodríguez v. Garaje Isla Verde*, 202 DPR 117, 127-128 (2019). El *expediente administrativo*, por su parte, constituye la base exclusiva para la decisión de la agencia en un procedimiento adjudicativo, así como para la revisión judicial

ulterior. Sec. 3.18 de la LPAUG, 3 LPRA sec. 9658; *Graciani Rodríguez v. Garaje Isla Verde, supra,* pág. 128. Por igual, examinamos que el ente gubernamental haya realizado una aplicación o interpretación correcta de las leyes o reglamentos que se le ha encomendado administrar. Finalmente, auscultamos que el organismo haya actuado dentro de los parámetros de su ley habilitadora, no de forma arbitraria, irrazonable ni haya lesionado derechos constitucionales fundamentales. Véase, *Torres Rivera v. Policía de PR,* 196 DPR 606, 628 (2016).

Por consiguiente, al momento de justipreciar la valoración y razonabilidad de las decisiones administrativas adoptadas por las agencias del poder ejecutivo, los tribunales tenemos la obligación de ejercer un juicio independiente de las disposiciones legales para determinar si una agencia ha actuado o no dentro de los límites de su autoridad estatutaria, incluso en los casos de ambigüedad legislativa. Véase, *Loper Bright Enterprises v. Raimondo,* 144 S.Ct. 2244 (2024); 603 US __ (2024).[16] Claro está, según ha pautado el Tribunal Supremo federal, las interpretaciones y los dictámenes administrativos —realizados por virtud del cumplimiento de un deber oficial y basados en su experiencia especializada— pueden constituir un cuerpo de experiencia y un juicio informado ("body of experience and informed judgment") al que los foros revisores y los litigantes pudiéramos recurrir en cuestiones jurídicas. *Id.,* pág. 2259. Así surge el axioma de la doctrina de revisión judicial, en que los tribunales apelativos estamos llamados a otorgar amplia deferencia a las decisiones de las agencias administrativas. Ello, en atención a la experiencia y pericia que se presume tienen esos

---

[16] En *Loper Bright Enterprises v. Raimondo, supra*, resuelto el 28 de junio de 2024, el Tribunal Supremo federal revocó la doctrina de deferencia establecida en el caso *Chevron USA, Inc. v. Natural Resources Defense Council*, 467 US 837 (1984). Con ello, además, se propende al fortalecimiento de la separación de poderes. Véase, *Loper Bright Enterprises v. Raimondo, supra*, pág. 2274 (Op. Conc. Juez Thomas).

organismos para atender y resolver los asuntos que le han sido delegados. *Graciani Rodríguez v. Garaje Isla Verde, supra,* pág. 126.

Ahora, el peso persuasivo de la determinación administrativa va a depender de la minuciosidad en su consideración, de la validez de su razonamiento, así como de su congruencia con pronunciamientos anteriores y posteriores. Véase, *Skidmore v. Swift & Co.,* 323 US 134, 139-140 (1944), citado con aprobación en *Loper Bright Enterprises v. Raimondo, supra,* pág. 2259.

**B.**

El Congreso federal aprobó la Ley Cares, *Coronavirus Aid Relief and Economic Security Act* el 27 de marzo de 2020, Public Law 116–136, 15 USC sec. 9001 *et seq.*, entre otros propósitos, para conceder asistencia directa a personas o negocios afectados por la pandemia del COVID-19. Una de las subvenciones contempladas por el estatuto era el *Pandemic Unemployment Assistance* o PUA. Entre otras instancias, esta ayuda se destinaba a las personas que trabajaban a tiempo parcial o por cuenta propia que, por razón de la pandemia, hubiesen perdido su empleo por una cuarentena impuesta por el gobierno federal, estatal o local. 15 USC sec. 9021. La asistencia excluyó a aquellos individuos que tuvieran la capacidad de teletrabajar con paga; o las personas que recibían una licencia por enfermedad con goce de sueldo u otros beneficios. *Id.*

Con el propósito de combatir el fraude, la subvención estaba atada al cumplimiento de varios requisitos. Por ejemplo, para la determinación de elegibilidad a los beneficios del PUA, el Boletín Administrativo Núm. OE-2020-053 facilitó que el Departamento de Hacienda compartiera información de los contribuyentes con el Departamento del Trabajo y Recursos Humanos. La verificación de los ingresos constituía un criterio esencial para establecer la elegibilidad de los reclamantes. Asimismo, la Carta Circular Núm.

2020-04 ordenó que, en el caso de los cuentapropistas, éstos debían someter su Certificado de Comerciante.

**III.**

En la causa presente, el señor Figueroa Otero no estableció un señalamiento de error. Sin embargo, del recurso incoado se puede inferir su súplica para que su reclamación de beneficios del PUA se evalúe tomando en consideración la Planilla de 2020, enmendada el 22 de mayo de 2024. El recurrente admitió su error. Reconoció que el documento acreditativo de ingresos, según enmendado, no fue sometido de manera oportuna. Arguyó que, en tres años, el DTRH no le informó que la inelegibilidad de su solicitud respondió a que la Planilla de 2020 no reflejaba ingresos. Añadió que tampoco se percató que el referido documento no incluyó los ingresos de enero y febrero de 2020.

Por su parte, el DTRH interpeló que se confirmara el dictamen impugnado. Argumentó que el recurrente no satisfizo los requisitos para ser acreedor del beneficio del PUA. Sostuvo que la Planilla de 2020 enmendada no podía ser considerada, toda vez que no se presentó cuando fue solicitada.

En la presente causa, el recurrente solicitó los beneficios del PUA porque tenía un negocio propio de servicios de reparación y mantenimiento de automóviles, el cual se afectó por la pandemia del COVID-19. Luego de su requerimiento y en cumplimiento con los requisitos estatuidos, el señor Figueroa Otero sometió las Planillas de 2019 y 2020, con sus respectivos Anejos M, así como su Certificado de Comerciante.

Allá para el 17 de mayo de 2021, cuando se evaluó la petición de beneficios conforme la evidencia sometida, el DTRH determinó la inelegibilidad del recurrente, toda vez que no constaban ingresos por concepto de su negocio para el año contributivo 2020. Por consiguiente, la documentación resultó insuficiente para sustentar

la verificación laboral. La decisión fue refrendada por la *División de Apelaciones* del DTRH, quien consignó que el recurrente no generó ingresos como cuentapropista en el 2020.

Entonces, en el 2024, cuando el procedimiento administrativo se encontraba en etapa apelativa, el señor Figueroa Otero enmendó la Planilla de 2020 y sometió nueva evidencia ante el Secretario. Empero, es forzoso colegir que la Planilla de 2020 enmendada fue interpuesta inapropiada y tardíamente, en una etapa procesal posterior, lo que impedía su consideración por parte del DTRH. A esos efectos, en la decisión impugnada se expresó que "[p]ara propósitos de los beneficios de desempleo bajo la Ley CARES, *supra,* el FORO no acoge en evidencia la planilla enmendada, por no haberse radicado en el momento que solicitaron los mismos".[17]

De un examen de los autos, se puede colegir que el señor Figueroa Otero no cumplió oportunamente con los requisitos para recibir los beneficios del PUA, según dispuestos en la Ley CARES, *supra.* De conformidad con las disposiciones estatutarias y reglamentarias, toda solicitud de beneficio del PUA debe incluir todos los documentos requeridos, de manera que pueda ser determinada la elegibilidad o inelegibilidad del solicitante. En este caso, al tiempo de ser evaluada la reclamación, junto a los documentos solicitados, el recurrente no demostró que, para el año contributivo 2020, generó ingreso alguno proveniente de los servicios de reparación y mantenimiento de automóviles, según consta en su Certificado Comerciante. Por su parte, el documento enmendado y sometido a los tres años del requerimiento no podía ser considerado en etapas apelativas. Excluida la Planilla de 2020 enmendada, es forzoso concluir que la decisión impugnada está apoyada en la evidencia sustancial que obra en el expediente

---

[17] Véase, la copia certificada del expediente administrativo, pág. 53.

administrativo, considerado en su totalidad. Es decir, de los autos que estamos autorizados a revisar no surge evidencia sustancial que derrote la determinación del Negociado del DTRH, refrendada por la Árbitra y por el Secretario. La determinación del DTRH estuvo fundamentada en la evidencia sustancial contenida en el expediente administrativo, al momento de examinar la elegibilidad del recurrente.

**IV.**

Por los fundamentos expuestos, se confirma la *Decisión del Secretario del Trabajo y Recursos Humanos.*

Lo acordó y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones